IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jeff Michael Welch, | ) | No. CV-09-1937-PHX-NVW (LOA) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. § 2254. (docket # 1) Petitioner raises three grounds for relief: (1) he received ineffective assistance of counsel; (2) the sentencing court imposed an illegally aggravated sentence based on factors that were not found by a jury; and (3) the trial court permitted improper evidence at trial. (docket # 1) Respondents have filed a Response requesting that the Petition be denied and dismissed with prejudice. (docket # 13) Petitioner has timely replied. (dockets # 14, # 15) For the reasons set forth below, the Petition should be denied.

## I. Background

### A. Charges, Trial and Sentencing

During 2000 and 2001, Wendy Doty and her children, Heather (age 8), Hannah (age 3), and Jonathan (age 6) lived with Petitioner at his home in Mesa, Arizona. (Respondents' Exh. Q, Tr. 2/26/03 at 19-20) Wendy and these three children lived with Petitioner intermittently during this period when she could not afford to pay her rent.

1  (Respondents' Exh. Q at 22-23, 31)   Wendy's oldest son, Christopher (age 10) lived with is

2  father in Phoenix, Arizona.  (*Id*. at 20)   In the fall of 2001, Jonathan told Wendy that an

3  "incident" had occurred involving Petitioner and the girls.  (Respondents' Exh. Q, Tr.

4  2/26/03 at 24)   On Thanksgiving Day in 2001, Wendy spoke to Hannah and Heather who

5  both reported that Petitioner had touched them inappropriately.  (Respondents' Exh. Q, Tr.

6  2/26/03 at 27-28)   Wendy contacted police. (Respondents' Exh. Q, Tr. 2/26/03 at 28, 101)

7  Petitioner was arrested and, after waiving his *Miranda* rights, was interviewed by police.

8  (Respondents' Exh. Q, Tr. 2/26/03 at 28)

9         On December 4, 2001, the State of Arizona charged Petitioner in Arizona

10  Superior Court Cause Number CR 2001-097224 with two counts of child molestation

11  against Hannah and Heather; and one count of sexual exploitation of a minor, all class 2

12  felonies and dangerous crimes against children.  (Respondents' Exh. A, Item 1)  The State

13  subsequently amended the indictment to allege a historical prior felony conviction.

14  (Respondents' Exh. A, Item 8)

15         Petitioner's case proceeded to trial[1] on February 26, 2003.  After the State rested,

16  Petitioner moved for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure

17  20.  (Respondents' Exh. E at 2-3; Exh. Q at 145)   The court granted the motion as to Count

18  3, exploitation of a minor, and denied the motion as to Counts 1 and 2, sexual molestation.

19  (Respondents' Exh. Q at 147)  On February 27, 2003, the jury found Petitioner guilty of

20  both counts of child molestation.  (Respondents' Exh. A, Items 53, 55; Exh. E)   On March

21  3, 2003, the court conducted a status conference regarding sentencing.  (Respondents' Exh.

22  B)  During that proceeding, Petitioner admitted that he had a prior felony conviction -

23  aggravated sexual assault/battery in Tennessee - and the trial court found that allegation

24  proven.  (Respondents' Exh. B at 48-50)   On May 16, 2003, the trial court sentenced

25  Petitioner to aggravated terms of 35 years imprisonment on each count of child molestation

26  to run consecutively.  (Respondents' Exh. B at 50-51)   The Court found three aggravating

27  ———————————

28     [1]  The Honorable Linda A. Akers presided.

factors: (1) Petitioner's voluminous collection of child and incest pornography; (2) Defendant's prior felony conviction for child molestation in Tennessee; and (3) the multiple victims in this case. (Respondents' Exh. E at 15; Exh. H at 2)

**B. Direct Appeal**

In May 2004, Petitioner sought direct review in the Arizona Court of Appeals, No. 1 CA-CR-03-0470. Petitioner raised the following claims:

> 1. Petitioner was denied his Sixth Amendment right to be tried by an unbiased and impartial jury because the court failed to strike a venire member for cause.
>
> 2. The trial court failed to sufficiently inquire into the competency of a four-year-old child to testify as a witness.
>
> 3. The court violated Petitioner's right to confrontation by limiting cross-examination of a witness.

(Respondents' Exh. C) Petitioner subsequently filed a supplemental brief challenging his sentences. (Respondents' Exh. E at 13-14) The Arizona Court of Appeals affirmed Petitioner's convictions, but vacated and remanded his sentences due to a violation of *Blakely v. Washington*, 542 U.S. 296 (2004). (Respondents' Exh. E at 17) The State sought review in the Arizona Supreme Court of the portion of the Arizona Court of Appeals' decision that ordered re-sentencing. The Arizona Supreme Court granted review and remanded to the appellate court for further consideration. On remand, the Arizona Court of Appeals vacated the portion of its prior order regarding sentencing and affirmed Petitioner's sentences as imposed by the trial court. (Respondents' Exhs. F, G, H) On July 7, 2006, the Arizona Supreme Court denied Petitioner's petition for review from that decision. (Respondents' Exhs. I, J)

**C. Post-Conviction Proceedings**

On August 9, 2006, Petitioner filed a notice of post-conviction relief, pursuant to Ariz.R.Crim.P. 32, in Maricopa County Superior Court No. CR-2001-097224. (Respondents' Exh. K) After appointed counsel filed a Notice of Completion of Review stating that he could not find a colorable claim to raise, on December 16, 2006, Petitioner filed a *pro se* petition for post-conviction relief. Petitioner raised the following claims:

1.  Counsel was ineffective for failing to prepare for trial.

2.  The trial court erred in admitting evidence of sexual propensity which was untimely disclosed.

3.  Minor witnesses were not competent to testify.

4.  There was insufficient evidence to support Petitioner's convictions. The Victims' Rights laws impeded Petitioner's ability to defend the charges.

5.  Petitioner's aggravated sentences violate the Sixth Amendment as articulated in *Blakely*.

(Respondents' Exh. L)  The State responded.  (Respondents' Exh. M)  The trial court denied relief on March 30, 2007 finding that Petitioner claims were "not colorable." (Respondents' Exh. B)  On May 28, 2008, Petitioner filed a petition for review presenting the same claims to the Arizona Court of Appeals.  (Respondents' Exh. N)  On August 14, 2009, the Court of Appeals summarily denied review.  (Respondents' Exh. O)

### D. Petition for Writ of Habeas Corpus

On September 17, 2009, Petitioner timely[2] filed the pending Petition for Writ of Habeas Corpus raising the following claims: (1) ineffective assistance of counsel; (2) illegally aggravated sentences; and (3) improper admission of evidence.  (docket # 1)

## II.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1),(2); *Knowles v. Mirzayance*, 556 U.S. ___, 129 S.Ct. 1411, 1414-15 (2009)*; Carey v. Musladin*, 549 U.S. 70 (2006); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003); *Mancebo v. Adams*, 435 F.3d 977, 978 (9th Cir. 2006).  To determine whether a state court

---

[2] Respondents concede that the Petition is timely in accordance with the applicable one-year statute of limitations.  (docket # 13 at 4-5); 28 U.S.C. § 2244(d)(1).  The record supports Respondents' conclusion that the Petition is timely.

ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court which existed at the time of the state court's decision. *Mitchell v. Esparza*, 540 U.S 12, 14-15 (2003); *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).

Even if the state court neither explained its ruling nor cited United States Supreme Court authority, the reviewing federal court must nevertheless examine Supreme Court precedent to determine whether the state court reasonably applied federal law. *Early v. Packer*, 537 U.S. 3, 8 (2003) (holding that citation to federal law is not required and that compliance with the habeas statute "does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").

A state court decision is "contrary to" clearly established federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell*, 540 U.S at 14 (citations omitted); *Williams v. Taylor*, 529 U.S. 362, 411 (2000). A state court decision is an "unreasonable application of" clearly established federal law if the court "identifie[d] the correct governing legal rule . . . but unreasonably applie[d] that rule to the facts" of a particular case. *Williams*, 529 U.S. at 407; *Brown v. Payton*, 544 U.S. 133, 141 (2005). An incorrect application of federal law does not satisfy this standard. *Yarborough*, 541 U.S. at 665-66 (stating that "[r]elief is available under § 2254(d)(1) only if the state court's decision is objectively unreasonable."). "It is not enough that a federal habeas court, in its independent review of the legal question," is left with the "firm conviction" that the state court ruling was "erroneous." *Id.*; *Andrade*, 538 U.S. at 75. Rather, the petitioner must establish that the state court decision is "objectively unreasonable." *Middleton v. McNeil*, 541 U.S. 433 (2004); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

In applying this standard, this Court reviews the last reasoned decision of the state court. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). When there is no

reasoned state court decision on a particular issue, this Court must assume that the state court decided all the issues presented to it and performed an independent review of the record to ascertain whether the state court decision was objectively unreasonable. *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir.2006); *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006).

## III. Analysis

### A. Ground One - Ineffective Assistance of Counsel

In Ground One, Petitioner argues that trial counsel was ineffective because he "did nothing to defend" him, failed to "seek evidence on [Petitioner's] behalf", requested numerous continuances, failed to review evidence before trial, failed to prepare to question witnesses, failed to contact a "key defense witness", failed to communicate with Petitioner during the first four months after his arrest, and lacked experience in "sex cases." (docket # 1 at 6) Respondents concede that Petitioner exhausted his claims of ineffective assistance on post-conviction review and, therefore, they are properly before this Court on habeas corpus review. (docket # 13 at 21) In his Reply, Petitioner expands on his claims and adds a challenge to counsel's failure to request pretrial hearings, including hearings regarding the competency of the child witnesses to testify and regarding the victims' accusations of other sexually-related incidents. (docket # 14 at 6) Petitioner cannot properly assert additional claims for relief in his Reply. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994) (district court need not consider habeas claim raised for the first time in traverse), Thus, the Court declines to address new arguments raised by Petitioner in his Reply. Moreover, contrary to Petitioner's assertion, defense counsel did request a hearing regarding the competency of the child witnesses to testify. (Respondents' Exh. A, Item 43)

On post-conviction review, the trial court did not specifically discuss Petitioner's claims of ineffective assistance, but found that Petitioner failed to raise a colorable claim for relief. (Respondents' Exh. B) Petitioner presented the same claims of ineffective assistance of counsel to the Arizona Court of Appeals which summarily denied review. (Respondents' Exhs. N at 2; Exh. O)

After an independent review of the record, *see Sass*, 461 F.3d at 1127, the Court finds that Petitioner has not shown that the State courts' rejection of his claims of ineffective assistance of counsel was based on an unreasonable determination of the facts, or was contrary to, or based on an unreasonable application of, federal law. 28 U.S.C. § 2254.

### 1. Controlling Supreme Court Law

The controlling Supreme Court precedent on claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). *See Padilla v. Kentucky*, ___ U.S. ___, 2010 WL 1222274, * 7 (March 31, 2010). "Under *Strickland*, [the court] first determine[s] whether counsel's representation 'fell below an objective standard of reasonableness.'. . . [t]hen [the court] ask[s] whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla*, 2010 WL 1222274, * 7 (quoting *Strickland*, 466 U.S. at 694).

To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. When reviewing counsel's performance, courts must "indulge a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689. The *Strickland* Court noted that "[t]here are countless ways to provide effective assistance in any given case" and observed that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id.* Thus, to find counsel's conduct deficient, the court must override the "strong[ ] presum[ption] that counsel's conduct was within the wide range of

reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir.1990).

Even if counsel committed unprofessional errors, to establish a Sixth Amendment violation, petitioner must also establish that he suffered prejudice as a result. *Strickland*, 466 U.S. at 691-92; *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006) (stating that "a violation of the Sixth Amendment right to effective representation is not 'complete' until the defendant is prejudiced.") To show prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Hart*, 174 F.3d at 1069; *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998). This means "that counsel's errors [must be] so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

When reviewing a claim of ineffective assistance, the court may proceed directly to the prejudice prong. *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000) (citing *Strickland*, 466 U.S. at 697). The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson*, 211 F.3d at 1155.

This ineffective assistance inquiry is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d)(2). In other words, the habeas court cannot merely make the *Strickland* findings and grant habeas corpus relief. Rather, the court must also find that its *Strickland* conclusion is itself so clear that the contrary judgment by the state court was unreasonable. Review of a claim of ineffective assistance in the context of a habeas corpus petition is "doubly deferential." *Knowles v. Mirzayance*, ___ U.S. ___, 129 S.Ct. 1411, 1420 (2009). A habeas court may not grant relief unless it is convinced that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Deference under AEDPA is especially important in reviewing claims arise under *Strickland*. The Supreme Court has emphasized that "evaluating whether a rule application was unreasonable [under AEDPA] requires considering the rule's specificity." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "The more general the rule, the more leeway [state] courts have in reaching outcomes in case-by-case determinations." *Id*. *Strickland* is a general rule, as the Supreme Court has often recognized. *See, e.g., Mirzayance*, ___U.S.___, 129 S.Ct. at 1420. "[B]ecause the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id*.

### 2. Analysis of Ground One

As previously stated, Petitioner asserts that defense counsel was ineffective because he "did nothing to defend" Petitioner, failed to "seek evidence on [Petitioner's] behalf", requested numerous continuances, failed to review any evidence before trial, failed to prepare to question or cross-examine witnesses, failed to contact a "key defense witness", failed to communicate with Petitioner during the first four months after his arrest, and lacked experience in "sex cases." (docket # 1 at 6)

### a. Lack of Experience with "Sex Cases"

Petitioner contends that trial counsel was ineffective because he lacked experience with "sex cases." To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner. *Strickland*, 466 U.S. at 687; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999). On the performance prong, "[a] convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Petitioner baldly asserts that counsel was ineffective due to his lack of experience with "sex cases." He does not allege what particular acts or omissions of counsel were a result of that lack of experience. Moreover, he does not allege that he was prejudiced simply by counsel's lack of experience with sex cases. *Strickland*, 466 U.S. at 694.

Because Petitioner has not satisfied either prong of the *Strickland* test with regard to his assertion that counsel was ineffective due to his lack of specialized knowledge his claim of ineffective assistance of counsel fails. Because Petitioner's Sixth Amendment right to counsel was not violated, the state courts' rejection of this claim could not have been contrary to, or an unreasonable application of, clearly-established Supreme Court authority. 28 U.S.C. 2254(d)(2).

### b. Continuances/ Disregard for Speedy Trial Requests

In December 2001, the State of Arizona indicted Petitioner on child molestation charges in CR 2001-097224. (Respondents' Exh. A, Item 1) Petitioner's case proceeded to trial on February 26, 2003. (Respondents' Exh. Q)

Before trial, defense counsel filed motions to continue, motions to examine transcripts (grand jury and preliminary hearing), motions to preclude other act evidence, and requested a competency determination of the minor witnesses. (Respondents' Exh. A, Items 10, 12, 13, 16, 19, 40, 43) Although Petitioner accurately states that defense counsel sought multiple continuances, Petitioner has not presented any evidence indicating that he suffered prejudice as a result of those continuances.

Defense counsel filed the first motion to continue the trial date on February 27, 2002. The motion indicates that Petitioner waived time pursuant to Ariz.R.Crim.P. 8.2. (Respondents' Exh. A, Item 10) Counsel requested the continuance due to the complexity of the case and because discovery was incomplete. (*Id*.) Petitioner also waived time for defense-requested continuances on June 6, 2002, September 11, 2002, November 18, 2002, and December 6, 2002. (Respondents' Exh. A, Items 16, 19, 23; Exh. B) The September 11, 2002, motion to continue the trial was filed because the State intended to file new charges against Petitioner (in CR 2002-097527 the State charged Petitioner with 10 counts of sexual exploitation of a minor, the case proceeded to trial in March 2003), and because the assigned prosecutor had changed. (Respondents' Exh. A, Item 19) Defense counsel moved to continue the trial on November 18, 2002 because of the large volume of evidence, and because witness interviews were pending. (Respondents' Exh. A, Item 23) Counsel

also noted that a motion to dismiss the indictment was pending in a related case, CR02-097527, which could impact Petitioner's case. (*Id.*)

The motions to continue all indicated that Petitioner had waived time pursuant to Arizona Rule of Criminal Procedure 8.2. Additionally, on December 6, 2002, Petitioner waived time in person in court during a pretrial conference. (Respondents' Exh. B, Item 24) The record does not support Petitioner's assertion that defense counsel moved for continuances over Petitioner's objections and insistence on a speedy trial.

Petitioner accurately asserts that numerous continuances were filed in his case. However, contrary to Petitioner's assertion that counsel did nothing to defend him and simply disregarded Petitioner's requests for a speedy trial, the record reflects that counsel filed numerous pre-trial motions on Petitioner's behalf, and sought continuances to better prepare for trial, to accommodate the parties' negotiations, and to defend Petitioner. The record reflects that counsel filed a motion *in limine* to preclude testimony regarding Petitioner's prior conviction and to prohibit Detective Gates from giving his opinion that there was a link between the child pornography photographs and magazines found at Petitioner's home and the allegations in the indictment. (Respondents' Exh. A, Item 40) Counsel also filed a motion to determine the competency of Hannah and Heather Doty as witnesses. (Respondents' Exh. A, Item 43) Counsel also participated in a settlement conference. (Respondents' Exh. B, Item 30)

In light of the nature of the offenses charged, counsel's request for continuances to prepare further was not unreasonable. This is the type of tactical decisions counsel must make, and counsel's tactical decisions cannot be grounds for an ineffective assistance of counsel claim. *People of Territory of Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir.1984). Moreover, Movant has failed to offer any evidence that the continuances or waiver of his rights under Arizona Rule of Criminal Procedure 8.2 prejudiced Petitioner. Accordingly, his claim of ineffective assistance on this basis fails. Because Petitioner's Sixth Amendment right to counsel was not violated, the state courts' rejection of this claim could not have been

contrary to, or an unreasonable application of, clearly-established Supreme Court authority. 28 U.S.C. 2254(d)(2).

### b. Failure to Review Evidence and Prepare for Trial

Petitioner also claims that "counsel failed to review any of the evidence before trial and admitted this fact in court during the 404(c) hearing," and that he was unprepared to question witnesses.  (docket # 1 at 6)

In January 2003, the State filed a notice of intent to use evidence of Petitioner's others acts pursuant to Ariz.R.Evid. 404(b) and 404(c) to show Petitioner's motive and intent, and/or that Petitioner had a character trait giving rise to an aberrant sexual propensity. (Respondents' Exh. A, Item 25)   In support of its motion, the State explained that during the investigation, Detective Butch Gates learned that Petitioner may have shown the victims pornographic material and videotaped them after asking them to disrobe.  (Respondents' Exh. A, Item 25)  The State sought to introduce evidence that was found at Petitioner's house, including several books and other materials related to adult-child sexual contact. (Respondents' Exh. A, Item 25)

On February 14, 2003, the court conducted a hearing to consider the State's motion to introduce other act evidence under Ariz.R.Evid. 404(b) and (c).  (Respondents' Exh. P, Tr. 2/14/03 at 3-5)   The State sought to introduce at trial fourteen items of evidence that had been seized from Petitioner's home.  (Respondents' Exh. P, Tr. 2/14/03 at 16-18, 25, 26)   The evidence included books and magazines containing sexually explicit pornographic content, including books entitled "Do Me Daddy," and "Daddy's Slut Girl," as well as movies, and 200 images printed from the internet depicting sexually explicit acts involving children and adults.  The materials also included a textbook on the prosecution of child pornography, and a book entitled "The Hollywood Lolitas," as well as materials depicting adult pornography.  (*Id.*; Respondents' Exh. B, February 20, 2003 Minute Entry) Petitioner argues that defense counsel was ineffective for failing to review this evidence before the 404(b),(c) hearing and, thus, was unprepared to challenge its admission.

Near the conclusion of the hearing, defense counsel stated that he had not seen the materials the State sought to introduce at trial before the February 14, 2003 hearing. (Respondents' Exh. P, Tr. 2/14/03 at 38)   However, earlier in the proceeding, the prosecutor advised the court that he had "previously shown" the materials to defense counsel, and defense counsel did not object to that statement.  (Respondents' Exh. P, Tr. 2/14/03 at 16)   In view of the conflicting statements in the record, the Court cannot determine whether defense counsel indeed reviewed the materials before the Rule 404 hearing.

For purposes of Petitioner's ineffective assistance of counsel claim, the Court will assume that defense counsel's performance was deficient for failing to review the materials before the hearing.  Petitioner, however, has not established that he was prejudiced by such deficient performance.   At the conclusion of the February 14, 2003 hearing, and after defense counsel stated that he had not seen the materials before the 404 hearing, the court stated that it would consider "a brief continuance to allow [counsel] to assimilate [his] thoughts. . . ." (*Id*.).  (Respondents' Exh. P, Tr. 2/14/03 at 38)

On February 20, 2003, the Court issued its ruling on the State's motion to introduce other act evidence.  (Respondents' Exh. B)   The court precluded the adult pornography in the State's case-in-chief.  (Respondents' Exh. B, 2/20/2003 minute entry)   The Court also ruled that evidence that was found in Petitioner's bedroom was intrinsic to the crimes charged and was admissible as non-character traits.  The court also found that the books entitled "Hollywood Lolitas" and "Sex Crimes" were admissible without restriction. (*Id.*)   As to the other items of child pornography, the court found that their admission into evidence would be unduly prejudicial unless "sanitized" because the materials were sexually explicit and contained graphic depictions of sexual contact.  (Respondents' Exh. B, 2/20/2003 minute entry)   Thus, the court precluded admission of the materials themselves in evidence and limited the witnesses to describing the materials. (*Id.*)

Although the Court permitted the other acts evidence, or descriptions thereof, to be admitted at trial, Petitioner has not shown that, but for counsel's failure to review those

materials before the 404 hearing, the result of the proceeding would have been different. Additionally, there is no evidence that counsel never reviewed the materials before trial.

Petitioner further alleges that counsel was unprepared to question and cross-examine witnesses. This allegation is conclusory and unsupported by citations to the record. Petitioner does not describe any particular line of questioning that counsel should have pursued either on direct or cross-examination with any particular witness and does not establish that but for counsel's lack of preparation to examine witnesses the result of the proceeding would have been different. *See Villafuerte v. Stewart*, 111 F.3d 616, 632 (9th Cir.1997) (rejecting petitioner's ineffective assistance claim where he presented no evidence concerning what counsel would have found had he investigated further, or what lengthier preparation would have accomplished). Petitioner's unsupported, conclusory allegations are not sufficient to support a claim for federal habeas relief. Petitioner does not cite any evidence in support of his claim, therefore, his claim fails. *See Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.) Additionally, because Petitioner fails to allege specific facts showing prejudice, the reasonableness of counsel's representation is inconsequential. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985).

The record does not support Petitioner's claim that counsel was ineffective for failing to review the other act evidence before the Rule 404(b)/(c) hearing or for failing to prepare to question witnesses. Because Petitioner's Sixth Amendment right to counsel was not violated, the state courts' rejection of this claim could not have been contrary to, or an unreasonable application of, clearly-established Supreme Court authority. 28 U.S.C. 2254(d)(2).

### c. Failure to Contact Key Witness

Petitioner also argues that counsel was ineffective for failing to "contact a key defense witness." (docket # 1 at 6) The Petition neither identifies the "key defense witness" nor describes the testimony the witness would have offered. (docket # 1 at 6) In his Reply, Petitioner elaborates on this claim and clarifies that he is referring to Chris Ramirez, the

victims' older brother who was nine years old at the time of the incidents giving rise to Petitioner's convictions. (docket # 13; Respondents' Exh. L at 5) On post-conviction review, Petitioner argued that, although Heather Doty testified that Chris was in the room when Petitioner touched her, in an earlier interview with police, Chris denied being present. (Respondents' Exh. L at 5) Petitioner has not provided any evidence of the statement he claims Chris made to the police. Nor has he introduced any other evidence confirming the nature of the testimony Chris would have given at Petitioner's trial.

"The power to decide questions of trial strategy and tactics rests with counsel and the decision as to what witnesses to call is a tactical, strategic decision." *Faretta v. California*, 422 U.S. 806 (1975). "[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative . . . . In addition, for [petitioner] to demonstrate the requisite *Strickland* prejudice, [he] must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (citations omitted); *see also Dows v. Wood*, 211 F.3d 480, 486 (9th Cir.2000) (denying ineffective assistance of counsel claim based on lack of preparation for failure to call witnesses when no affidavits were submitted to support petitioner's assertion as to what testimony would have been provided). *United States v. Harden*, 846 F.2d 1229, 1231-32 (9th Cir. 1988) (rejecting claim of ineffective assistance based on counsels' failure to call a witness who would have taken responsibility for a gun found in defendant's possession because, *inter alia*, "[t]here is no evidence in the record which establishes that Washington would testify in [petitioner's] trial.").

Petitioner cannot satisfy *Strickland's* prejudice prong because he has not presented any evidence indicating that Chris was available to testify at Petitioner's trial, would have testified consistently with his previous statement, or explained how that testimony would have changed the outcome of Petitioner's trial. Petitioner's contention that Chris's testimony would have aided his defense is merely speculative and does not satisfy the *Strickland* prejudice requirement. *See Dows*, 211 F.3d at 486 (ineffective assistance

claim based on an alleged failure to investigate witness rejected where petitioner did not present an affidavit from witness demonstrating that he would have provided testimony helpful to the defense); *United States v. Harden*, 846 F.2d 1229, 1231-32 (9th Cir.1988) (no ineffective assistance based upon counsel's failure to call a witness where, among other things, there was no evidence in the record that the witness would have testified); *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001) (speculation about what an expert witness would have said if called to testify does not establish prejudice).

Moreover, as Petitioner notes in his Reply, Heather contradicted her own trial testimony that Chris was present when Petitioner touched her inappropriately. Thus, Chris Ramirez's same testimony to that effect was unnecessary. During trial, Heather testified on direct examination that her sister was present when Petitioner touched her "private." (Respondents' Exh. Q at 65-66) On cross-examination, she testified that Chris was in the room and that she did not remember her earlier testimony that her sister had been in the room. (Respondents' Exh. Q at 74) Heather also testified that Petitioner had touched her more than once, and almost immediately testified that she couldn't remember more than one time that Petitioner had touched her. (Respondents' Exh. Q at 66)

Heather herself gave conflicting testimony during trial regarding who was present when Petitioner touched her — she testified that her sister was present, then testified that her brother Chris was present, then testified that she did not recall testifying that her sister had been present. In view of the conflicts within Heather's own testimony, defense counsel was not deficient in failing to call Chris as a witness in order to show that Heather had given contradictory statements.

In summary, Petitioner has not shown that the State court's resolution of Petitioner's claim of ineffective assistance of counsel based on the failure to call Chris Ramirez as a witness was contrary to, or based on an unreasonable application of, *Strickland.* 28 U.S.C. § 2254. Because Petitioner's Sixth Amendment right to counsel was not violated, the state courts' rejections of this claim could not have been contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

### d.  Lack of Communication

Petitioner also asserts that counsel was ineffective because he did not communicate with him or visit him for four months after his arrest, "except a 30-second meeting at a court appearance."  (docket # 1 at 6)

Counsel has a duty communicate with his client. *See e.g. Florida v. Nixon*, 543 U.S. 175, 178 (2004) (duty to discuss potential strategies).   However, a general claim of limited communication is not sufficient to state a ground for relief.  "The petitioner has not suggested any defect in trial counsels' performance that was the result of their supposed inability to communicate. Even if there was no effective communication, the petitioner has not made any showing of even the possibility of prejudice, a prerequisite for a grant of habeas based on ineffective assistance of counsel." *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir.1983).

The Sixth Amendment guarantees effective assistance of counsel, not a "meaningful relationship" between an accused and his counsel. *Morris v. Slappy*, 461 U.S. 1, 14 (1983).  *See also Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir.2008) (no relief under AEDPA for defendant who did not argue counsel had either an actual or apparent conflict of interest, and instead complained only about lack of communication with counsel and counsel's strategic decisions, including not making motions defendant requested, contacting witnesses without defendant's consent, and not providing defendant with a defense witness list for his approval) (quoting *Plumlee v. Masto*, 512 F.3d 1204, 1211 (9th Cir. 2008) (finding no Sixth Amendment violation when defendant is represented by lawyer free of actual conflicts of interest, but with whom the defendant refuses to cooperate because of dislike or distrust)).

Although Petitioner alleges that counsel did not contact him during the first few months after his arrest, it took 14 months to bring his case to trial.  Petitioner does not allege that counsel failed to contact him during the entire 14 months.  Moreover, even if counsel's performance was deficient for failing to have additional contact with Petitioner, Petitioner has not established prejudice.  *See Jackson v. Calderon*, 211 F.3d 1148, 1155 N. 3 (9th Cir.

2000) (stating that the court may go directly to the prejudice prong when reviewing a claim of ineffective assistance of counsel).  Petitioner states that, during the first four months after his arrest, he sent counsel "several detailed letters and instructions."  (docket # 1 at 6)  Thus, Petitioner was able to express his views and concerns to counsel even absent in-person or telephonic communication.   Petitioner does not describe how additional contact with counsel would have impacted his case or allege that, but for counsel's lack of communication, there is a reasonable probability that the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 691.

Because Petitioner's Sixth Amendment right to counsel was not violated, the state courts' rejections of this claim could not have been contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

### B.  Ground Two - Improperly Aggravated Sentence

In Ground Two, Petitioner argues that his sentence violates the Sixth Amendment as construed in *Blakely v. Washington*, 542 U.S. 296 (2004), because a judge, not a jury, determined the aggravating factors.  (docket # 1 at 7)   Respondents concede that Petitioner's sentencing claim is properly before the Court on habeas corpus review because Petitioner properly exhausted this claim by presenting it to the Arizona Court of Appeals on direct review.  (docket # 13 at 17)

On direct review, the state court rejected this claim explaining that the aggravated sentence was *Blakely* exempt because the trial court considered a prior felony conviction as an aggravating circumstance.  (Respondents' Exh. H)   Petitioner has not shown that the State court's decision is based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  Additionally, Petitioner has not shown that the State court decision is contrary to, or involves an unreasonable application of the federal law.  *Id.*  Accordingly, Petitioner is not entitled to habeas corpus relief on Ground Two.

Petitioner argues that his aggravated sentences violate the Sixth Amendment because factors used to impose the sentences were not found by a jury beyond a reasonable doubt.  The controlling Supreme Court law is *Blakely v. Washington*, 542 U.S. 296 (2000) in

which the Supreme Court held any factor which leads to a sentence greater than would be imposed based on the jury's finding of guilt must be found by a jury beyond a reasonable doubt. Although Petitioner was sentenced in 2003 before *Blakely* was decided, that decision applies to this case because Petitioner's challenge to his sentence was pending on direct appeal when *Blakely* was decided on June 24, 2004. (Respondents' Exh. E)

Following his trial, in a separate hearing, Petitioner admitted a prior felony conviction. (Respondents' Exh. B) The trial court then imposed aggravated 35-year sentences on Petitioner's convictions for child molestation. (Respondents' Exh. B at 72) As aggravating factors, the court considered Petitioner's large collection of child and incest pornography, Petitioner's prior felony conviction for child molestation, and that multiple victims were involved. (Respondents' Exh. H at 2) As discussed below, the court properly considered these factors in sentencing Petitioner and did not violate the Sixth Amendment.

The Sixth Amendment's jury-trial guarantee proscribes the imposition of a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); *United States v. Booker*, 543 U.S. 220 (2005). Since it first articulated this rule, the Supreme Court has retained an exception for prior convictions. *Id.*; *United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004); *United States v. Maria-Gonzalez*, 268 F.3d 664, 670 (9th Cir. 2001) (holding that prior aggravated felony conviction did not constitute an element of the offense where base sentence for illegally reentering the United States following deportation is enhanced if deportation was subsequent to conviction for aggravated felony); *United States v. Castillo-Rivera*, 244 F.3d 1020, 1025 (9th Cir. 2001) (holding that the district court could consider defendant's prior conviction in imposing sentence enhancement even though such conduct had not been charged in the indictment, presented to the jury, and proved beyond a reasonable doubt); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 415 (9th Cir. 2001) (noting that *Apprendi* held that all prior convictions are exempt under *Apprendi's* new rule, therefore, district court properly considered prior convictions in sentencing).

In *Blakely*, the Court applied the rule announced in *Apprend*i and clarified that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . .In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 542 U.S. at 303-04 (emphasis in original). The Court concluded that before a trial court can impose a sentence above the statutory maximum, a jury must find beyond a reasonable doubt, or defendant must admit, all facts "*legally essential* to the punishment." *Blakely*, 542 U.S. at 313 (emphasis added).

Applying *Blakely*, several courts within the Ninth Circuit have held that a federal habeas petitioner's "prior conviction alone" is sufficient to support the imposition of "a sentence anywhere within the statutory range." *Jones v. Schriro*, No. CV-05-3720-PHX-JAT (DKD), 2006 WL 1794765, * 3 (D.Ariz., June 27, 2006). In *Jones*, the court found no *Blakely* violation where petitioner's aggravated sentence was based, in part, on a prior conviction. *Id.* at * 3 n. 2. The court noted that "once a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute.'" *Id.* at * 2 (quoting *State v. Martinez*, 210 Ariz. 578, 585, 115 P.2d 618 (2005)). Thus, the *Jones* court found that rule of *Blakely* was satisfied once petitioner admitted a single aggravating factor. *Id.* at * 3. Specifically, petitioner in *Jones* admitted either in the written plea agreement, at the change of plea hearing, or at sentencing to three different aggravating factors. *Id.* The *Jones* court found that petitioner's admission of any one of those aggravating factors authorized the trial court to impose a sentence anywhere within the statutory range. *Id.*

Similarly, in *Stokes v. Schriro*, 465 F.3d 397, 402-03 (9th Cir. 2006), the Ninth Circuit held that "the Arizona state courts' interpretation of these [sentencing] provisions does not contradict clearly established federal law [*Apprendi/Blakely*]. A statutory maximum need not be defined by every one of the facts found at trial, so long as the defendant is not

exposed to a greater punishment than that authorized solely by those facts (or the fact of a prior conviction) . . . Because the twenty-year sentence was authorized by the jury's findings, no *Apprendi* violation occurred" and hence the federal habeas petitioner is "not entitled to habeas relief on this claim." *Id.* at 402-03 (internal quotations and citations omitted).

Additionally, in *Garcia v. Schriro*, No. 06-855-PHX-DGC (DKD), 2006 WL 3292473 (D.Ariz., Nov. 9, 2006), the district court held that petitioner's aggravated sentence did not violate *Blakely*. The court explained that the "trial court properly considered petitioner's prior convictions as an aggravating circumstance that increased the maximum allowable sentence under *Blakely*. Once the new maximum was established, the court was free to consider the other aggravating circumstances of parole violation and pecuniary gain in deciding where to sentence petitioner within the new maximum range." *Id.* at * 2.

In *Nino v. Flannigan*, No. 2:04cv2298-JWS (CRP), 2007 WL 1412493 (D.Ariz., May 14, 2007), the district court found that petitioner's aggravated sentence comported with *Blakely* where one of the aggravating factors, a prior conviction, was *Blakely*-exempt, and petitioner admitted the other aggravating factor during the plea colloquy. *Id.* at * 4. The court explained that under A.R.S. § 13-702, the existence of a single aggravating factor exposes a defendant to an aggravated sentence. *Id.* In *Nino*, the trial judge considered two aggravating circumstances, "the criminal history beyond the alleged and proven and the struggle with the officers."*Id.* The court noted that *Blakely* does not require the fact of a prior conviction be presented to and found by a jury beyond a reasonable doubt. *Id.* (citing *Blakely*, 542 U.S. 296) "A history of prior convictions is *Blakely* exempt." *Id.* Accordingly, the *Nino* court held that because "one *Blakely* exempt factor supports the aggravated sentence, consideration of other factors imposing sentence does not violate Petitioner's Fifth and Sixth Amendment rights established in *Blakely*." *Id*

In this case, although the trial court also found several other aggravating factors, Petitioner's prior conviction was sufficient to expose him to the aggravated term of imprisonment. *Blakely*, 542 U.S. at 303-04. In other words, without any additional jury findings, Petitioner's prior conviction expanded the sentencing range to include an

aggravated sentence.  Therefore, Petitioner's aggravated sentence comports with the Sixth Amendment.

Based on the foregoing, the state court's finding that Petitioner's aggravated sentence did not violate the Sixth Amendment is neither contrary to, nor an unreasonable application of the Supreme Court's *Apprendi/Blakely* jurisprudence.

## C. Illegal Evidence Admitted at Trial

In Ground Three, Petitioner argues that the trial court allowed the "404(c) hearing after the 45-day notice required, and then permitted evidence and testimony at trial that was inadmissible as irrelevant, inflammatory, and highly prejudicial."  (docket # 1 at 8)  Respondents concede that Petitioner properly exhausted this claim by presenting it to the state court on post-conviction review.  (docket # 13 at 18)

As in the state court, Petitioner does not cite any federal law or statute in support of this claim.  (docket # 1 at 8)  Accordingly, Respondents argue that this is a state law claim that is not cognizable on habeas corpus review.

Petitioner's claims that the trial court erred in admitting certain evidence under Arizona Rule of Evidence 404(c) and for conducting an untimely Rule 404 hearing, are based on the application of state law which is not subject to review by this Court.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error renders the trial fundamentally unfair in violation of the due process clause.  *Colley v. Sumner*, 784 F.2d 984, 990 (9th Cir. 1986).  A state prisoner can obtain federal habeas relief only if his conviction violates the Constitution or the laws and treaties of the United States.  *Engle v. Isaac*, 456 U.S. 107, 119 (1982).  Failure to comply with state evidentiary rules does not warrant habeas relief on due process grounds.  *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991).  Further, federal habeas relief does not lie for alleged violations of state law or procedure or for alleged error in the interpretation or

application of state law.  *Estelle*, 502 U.S. at 67-68; *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994).

Petitioner bases Ground Three solely on the state court's interpretation of the State's evidentiary rules.  Because Petitioner asserts only a state law violation, his claims asserted in Ground Three are not cognizable on habeas corpus review and should be dismissed.

**IV.  Summary**

Based on the foregoing, the Petition should be denied and dismissed because Petitioner's claims lack merit and he has not shown that the State courts' resolution of his claims was based on an unreasonable determination of the facts; or that it was contrary to, or based on an unreasonable application of, clearly established federal law.  28 U.S.C. § 2254(d).

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have seven days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 20th day of April, 2010.


_____
Lawrence O. Anderson
United States Magistrate Judge